UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF NEVADA,<br><br>Plaintiff,<br><br>v.<br><br>WILD EARTH PROPERTY, LLC, et al.,<br><br>Defendants. | Case No. 2:24-cv-03245-DJC-CSK<br><br>FINDINGS AND RECOMMENDATION TO REMAND |

On November 22, 2024, Defendant John Williams, who proceeds without counsel, removed this action from Nevada County Superior Court.[1] (ECF No. 1.) For the reasons that follow, the undersigned recommends this case be REMANDED to the Nevada County Superior Court.

I.     **LEGAL STANDARDS**

    A.     **Removal and Remand**

28 U.S.C. § 1441(a) states ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

the case shall be remanded. 28 U.S.C. § 1447(c).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record." *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quotations omitted). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## II. DISCUSSION

This case was removed to federal court on August 19, 2024 by Defendant John Williams, who proceeds without counsel. (ECF No. 1.) A review of the operative Complaint (ECF No. 1 at 121-175) indicates the Court does not have subject matter jurisdiction, requiring remand. *See* 28 U.S.C. § 1447(c).

First, Plaintiff's claims do not arise under federal law. *See* 28 U.S.C. § 1331. Plaintiff filed a "Petition for Order to Abate Substandard Building and Appointment of Receiver" pursuant to Cal. Health & Safety Code §§ 17960-17992 against Defendants Wild Earth Property, LLC and John Williams. Compl. (ECF No. 1 at 122.) In his notice of removal, Defendant asserts the basis for removal is that he "believe[s] that the action of this case does violate my constitutional and property rights[.]" (ECF No. 1 at 1.) However, there is no federal constitutional claims asserted in the Complaint. *See Vaden*

*v. Discover Bank*, 556 U.S. 49, 59-62 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.").

Second, complete diversity of the parties is lacking here. *See* 28 U.S.C. § 1332. According to the allegations in the Complaint, Plaintiff County of Nevada, Defendant Wild Earth Property, LLC and Defendant John Williams are all residents of California. Compl. at 121, 150. Thus, this case must be remanded back to the Nevada County Superior Court for lack of subject matter jurisdiction. *See Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) (noting the district court may issue orders '"without notice where lack of jurisdiction appears on the face of the complaint and is obviously not curable").

## RECOMMENDATIONS

Based upon the findings above, the Court RECOMMENDS:

1. This case be REMANDED back to the Nevada County Superior Court; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 3, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, coun3245.24